[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff, the captain of the Simsbury Police Department, brings this action in four counts, alleging that the defendant made two separate libelous statements concerning him. The defendant, an individual resident of the town moves to strike the first and second counts. The Connecticut Civil Liberties Union (CCLU) has filed an application to appear and file a memorandum of law in support of the motion to strike. The plaintiff has objected to CCLU's appearance.
Before considering the merits of the defendant's motion, the court will address CCLU's application. There is nothing in our rules of practice which permits or recognizes an appearance by an amicus curiae in the superior court. Practice Book sections 4067 and 2008 permit such appearances in the appellate and supreme courts, but that is only with the permission of the court. Those rules require that the amicus brief be filed within twenty days after the filing of the brief of the party whom the amicus supports, a condition which was not met in this case. The court finds no basis for granting the application of the amicus curiae under the applicable rules of practice, and it is, therefore, denied.
The principal basis of the defendant's motion to strike is that the first two counts do not state with sufficient specificity the elements of malice required to sustain a complaint of libel brought by a public official. The court agrees.
It is well settled that a police officer is a public official. Moriarity v. Lippe, 162 Conn. 371, 378 (1972). In the first count of the complaint, the plaintiff alleges that the defendant displayed in public a sign affixed to her automobile which read "Crime pays in Simsbury" and listed the names and salaries of several town officials including the plaintiff. Paragraph 3 of the first count alleges that "(t)he inference reasonably drawn from said sign was that . . . Captain Sevetz was guilty of improper conduct. . . ." Paragraph 4 alleges that the statement was untrue. Paragraph 5 alleges that "(t)he actions of the defendant were malicious."
A public figure may not recover damages for libel unless he proves that the statement in question was made with "actual malice"; that is, that it was made with knowledge that it was false or with reckless disregard of whether it was false. New York Times v. Sullivan, 376 U.S. 254 (1964); Moriarity v. Lippe, supra, 377-378. There are no facts alleged in the complaint, however, indicating that the defendant knew her statements were untrue or that they were made with reckless CT Page 4384 disregard of the truth. The mere allegation that the statements were "malicious" amounts only to a legal conclusion and is not an adequate substitute for pleading facts necessary to support the plaintiff's claim.
The second count recites the first four paragraphs of the first count. In paragraph 5, however, instead of alleging malice, the plaintiff alleges a failure to retract the statements after demand, citing Conn. Gen. Stats. 52-237. There is no allegation of malice. It appears that the plaintiff has interpreted that statute to mean that a public official has a cause of action for libel without proving malice so long as he or she proves the defendant did not comply with a demand for retraction. That is a misinterpretation of the law. A public official must always allege and prove facts showing malice in order to recover for libel. New York Times v. Sullivan, supra; Moriarity v. Lippe, supra. The statute relates only to recoverable damages, not to the elements of the cause of action. The plaintiff's failure to allege facts showing malice renders the second count deficient.
Although no motion was made with respect to the third and fourth counts, the court would observe that the same deficiencies appear to exist in those counts as well.
The second basis of the defendant's motion is that the statements alleged in the first and second counts are in the privileged category of opinion or "fair comment." However, that is a factual assertion more in the nature of a special defense or motion for summary judgment than a motion to strike, which admits all well pleaded facts.
The defendant's motion to strike the first and second counts is granted on the basis that the complaint does not allege facts sufficient to show actual malice.
MALONEY, J.